**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DALLAS MORNING NEWS, L.P., a limited partnership, FOI OKLAHOMA, INC., a non-profit Oklahoma corporation, </br></br> Plaintiffs, </br></br> vs. </br></br> STATE OF OKLAHOMA, ex rel. BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Case No. CIV-06-1104-M |

**ORDER**

Before the Court is defendant's Motion to Dismiss, filed October 30, 2006. On November 17, 2006, plaintiff Dallas Morning News, L.P. ("Dallas Morning News") and plaintiff FOI Oklahoma, Inc. ("FOI") filed their responses, and on December 18, 2006, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On August 10, 2006, the Dallas Morning News served the University of Oklahoma ("University") with a request for records regarding the University's investigation into the employment of some of its student athletes at Big Red Sports and Imports. On August 22, 2006, the University provided the Dallas Morning News with a number of responsive documents but redacted certain information from those documents, asserting such redactions are required by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA").

On September 22, 2006, the Dallas Morning News filed the instant action in the District Court for Oklahoma County seeking declaratory and injunctive relief against the University under the Oklahoma Open Records Act, Okla. Stat. tit. 51, § 24A.1, et seq. ("OORA"). On October 10,

2006, the University removed this action to this Court. On October 13, 2006, the Dallas Morning News amended its complaint to join FOI as an additional plaintiff.

II.     Discussion

The University moves this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Additionally, the University moves this Court to dismiss FOI for lack of standing.

    A.     Failure to state a claim

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). "A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (internal quotations and citations omitted).

The University asserts that it has fully complied with the OORA. Specifically, the University asserts that the FERPA requires it to maintain the requested documents' confidentiality and the OORA permits such protection.[1] The OORA provides that any person denied access to records of a public body may bring a civil suit for declarative or injunctive relief. Okla. Stat. tit. 51, § 24A.17(B). Having carefully reviewed the Petition and the Amendment to Petition, the Court finds that the Dallas Morning News has sufficiently alleged that it was improperly denied access to

---

[1] The Court would note that the University's arguments are directed to the merits of this action and, as such, would more properly be brought in a motion for summary judgment.

records in violation of the OORA. Specifically, the Dallas Morning News alleges that the records at issue are not subject to the FERPA and that even if they are, the FERPA should be construed as inapplicable to information that is already public or, alternatively, that the University redacted more information than authorized by the FERPA. *See* Petition at ¶¶ 8-9. Accordingly, the Court finds that the Dallas Morning News has stated a claim for relief under the OORA and that this action, therefore, should not be dismissed for failure to state a claim.

    B.    <u>Standing</u>

The University asserts that FOI has no standing to bring this action. Specifically, the University contends that FOI has not alleged that it requested the documents at issue or that it was denied access to these or other documents as required by Okla. Stat. tit. 51, § 24A.17(B)(1). In its response, FOI asserts that it has associational standing.

To have standing in federal court, a party must meet the following requirements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the challenged action of the defendant – the injury must be "fairly traceable" to the defendant, and not the result of the independent action of some third party. Finally, it must be likely, not merely speculative, that a favorable judgment will redress the plaintiff's injury.

*Utah Ass'n of Counties v. Bush*, 455 F.3d 1094, 1099-1100 (10th Cir. 2006). Further,

> [e]ven in the absence of injury to itself, an association may have standing solely as the representative of its members. . . . The association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit. . . . So long as this can be established, and so long as the nature of the claim and of the relief sought does not make the individual participation of each injured

> party indispensable to proper resolution of the cause, the association may be an appropriate representative of its members, entitled to invoke the court's jurisdiction.

*Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 342-43 (1977) (internal quotations and citation omitted).  Thus,

> an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Id.* at 343.

In the Amendment to Petition, FOI alleges:

> [FOI] is a non-profit Oklahoma corporation whose purpose is to promote public awareness of and judicial recognition of the right of access by members of the public to public records. [FOI] was created for two purposes:
>
>> To protect "the public's right to know by inquiring into the extent and adequacy of the protection of freedom of information and First Amendment rights in the United States and the State of Oklahoma and publishing the results of said inquiry;" and:
>
>> To encourage and facilitate "the cultivation and diffusion of knowledge and understanding of media-related issues, the First Amendment of the United States Constitution, and the laws of the United States and/or the State of Oklahoma, through the presentations of lectures, treatises, reports, and other literary or research works in the field of freedom of information, freedom of the press, and First Amendment protections."
>
> [FOI] has a general interest in the outcome of this case because of its interest in protecting rights guaranteed by the First Amendment, by State statute, and by the Common Law. [FOI] has a specific interest,

>to wit: on July 20, 2006, just prior to the OU response to THE DALLAS MORNING NEWS records request, [FOI] wrote OU to express concern about OU's policy on access to public records.

Having carefully reviewed FOI's allegations, the Court finds that FOI has failed to set forth sufficient allegations to establish that either it or any of its members have standing to bring the instant action. Specifically, the Court finds that FOI has not alleged any "injury in fact" to itself or any of its members. The Court further finds that FOI has not alleged that either it or any of its members have in fact requested and been denied access to the subject documents as required by Okla. Stat. tit. 51, § 24A.17(B). Accordingly, the Court finds that FOI should be dismissed for lack of standing.

III.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Dismiss [docket no. 10] as follows:

(A)   The Court DENIES defendant's motion to dismiss this action for failure to state a claim, and

(B)   The Court GRANTS defendant's motion to dismiss FOI for lack of standing and DISMISSES FOI as a plaintiff in this action.

**IT IS SO ORDERED this 27th day of April, 2007.**

*(signature)*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE